**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JASPER BRASWELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 12-cv-02434-AW |
| | * | |
| BOARD OF EDUCATION OF PRINCE | * | |
| GEORGE'S COUNTY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******************************************************************************

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Board of Education of Prince George's County's

Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment.

Doc. No. 7.  The matter has been fully briefed and is now ripe for the Court's review.[1]

The Court concludes that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2011).  For the

reasons articulated below, Defendant's Motion will be GRANTED-IN-PART.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Plaintiff's Complaint.  Plaintiff Jasper Braswell was a

seventeen-year-old special education student at Duval High School in Prince George's County

during the 2010-11 school year.  Plaintiff has Attention Deficit Hyperactivity Disorder (ADHD),

which is recognized as a disability under Section 504 of the Rehabilitation Act of 1973.

Addictive behavior, including gambling, is a manifestation of ADHD.  Plaintiff and several other

Duval High School special education and non-special education students participated in

gambling on a daily basis, and the activity was generally tolerated by the school's administration.

---

[1] Plaintiff timely filed a response in opposition to Defendant's Motion.  Doc. No. 9.  Defendant did not file a reply.

The Code of Student Conduct for Prince George's County Public Schools ("PGCPS") makes gambling Level II misconduct.  The disciplinary response does not generally include suspension or expulsion.

In October 2010, Plaintiff informed his special education teacher Parris Easley that Ulysses Lee, the school's security guard, was extorting money from Plaintiff and other special education students.  According to Plaintiff, Lee extorted money from him by threatening to get him suspended for gambling, and had been engaged in such extortion for at least a year. Easley relayed Plaintiff's allegations to his immediate supervisor, an assistant principal at Duval High School.  Shortly thereafter, Principal Eric Harrison allegedly scolded Easley for filing a complaint against Lee and told him he could transfer to another school.  Following his meeting with Harrison, Easley faced disciplinary action for the first time in sixteen years of teaching.  He was barred from Duval High School for a week, and he was eventually terminated in August 2012.

On November 17, 2012, Harrison allegedly told Plaintiff that he was being expelled from school.  Plaintiff's mother, Rhonda Braswell, challenged Harrison's expulsion decision in a subsequent meeting with the principal.  Ms. Braswell threatened to report Lee to Prince George's County police, and in response to this threat, Harrison agreed not to expel Plaintiff.  At that meeting, Lee allegedly threatened Plaintiff by repeatedly telling him, "watch your back."  Hours after the meeting, Lee allegedly followed Plaintiff into a school bathroom and falsely accused him of gambling on school property.  Plaintiff denied Lee's charge, but the same day, Harrison allegedly expelled Plaintiff from school.  Under the PGCPS Code of Student Conduct, a principal can only suspend a student for five days or less, and only the superintendent of schools can suspend students for more than five days.  Following Plaintiff's expulsion, PGCPS did not

convene a meeting to determine whether Plaintiff's gambling was a manifestation of his ADHD. Plaintiff claims that the failure to convene such a meeting was a violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*.

Following his expulsion, Plaintiff was criminally charged with gambling and referred to the Maryland Department of Juvenile Services.  On January 6, 2011, the Department notified Plaintiff that it would not pursue the charges against him in juvenile court.  Plaintiff also claims that he was expelled from November 2010 to January 2011 and that during this period, Defendant failed to provide him with free appropriate public education ("FAPE") in violation of the IDEA.  Even after Plaintiff returned to school in January 2011, Harrison continued to threaten Plaintiff with expulsion.  To avoid expulsion, Harrison insisted that Ms. Braswell accompany Plaintiff at school each day.  Ms. Braswell complied with this requirement every day and Plaintiff graduated in June 2011.

Plaintiff's single-count complaint alleges that Defendant unlawfully retaliated against him in violation of Section 504 of the Rehabilitation Act of 1973.  Plaintiff seeks declaratory and injunctive relief, compensatory damages in the amount of $1,000,000.00, and attorney's fees and costs.

## II.    STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In

resolving a motion to dismiss, the Court should proceed in two steps.  First, the Court should

determine which allegations in the Complaint are factual allegations entitled to deference, and

which are mere legal conclusions that receive no deference.  *See Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949-50 (2009).  "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  *Id.* at 1949.  Second, "[w]hen there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  *Id.* at 1950.

In its determination, the Court must "accept the well-pleaded allegations of the complaint

as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in

the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176

F.3d 776, 783 (4th Cir. 1999).  The Court should not, however, accept unsupported legal

allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal

conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986),

or conclusory factual allegations devoid of any reference to actual events, *United Black

Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  "Factual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all of the

complaint's allegations are true."  *Twombly*, 550 U.S. at 545.

## III.    ANALYSIS

Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise qualified

individual with a disability . . . shall, solely by reason of her or his disability, be excluded from

the participation in, be denied the benefits of, or be subjected to discrimination under any

program or activity receiving Federal financial assistance. . . ."  29 U.S.C. § 794(a).  The Fourth

Circuit has held that "to establish a violation of section 504, plaintiffs must prove that they have

been discriminated against—that they were excluded from the employment or benefit *due to discrimination* solely on the basis of the disability." *Sellers v. Sch. Bd. of City of Manassas*, 141 F.3d 524, 528 (4th Cir. 1998) (citations omitted) (internal quotations omitted).  To establish a *prima facie* case of retaliation under the Rehabilitation Act, Plaintiff must show that: (1) he engaged in a protected activity; (2) Defendant took an adverse action against him; and (3) a causal connection exists between the protected activity and the adverse action.  *See Haulbrook v. Michelin N. Am.,* 252 F.3d 696, 706 (4th Cir. 2001) (discussing standard in employment context); *see also D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 41 (1st Cir. 2012) (applying standard to student's retaliation claim in the education context).

Plaintiff has failed to state a prima facie claim of retaliation.  First, Plaintiff has failed to articulate how he was engaged in protected activity.  Plaintiff claims that the protected activity in his case was complaining to his teacher that the school's security guard was extorting money from him and other special education students.  Doc. No. 9, at 9.  However, Plaintiff does not allege that this complaint was based on a concern that the security guard was exploiting or otherwise discriminating against him because of his disability.  *See Peters v. Janney*, 327 F.3d 307, 321 (4th Cir. 2003) (holding in employment context that the inquiry is whether (1) plaintiff subjectively (in good faith) believed that defendant engaged in an unlawful action and (2) whether this belief was objectively reasonable in light of the circumstances).

Second, even if the Court concluded that Plaintiff's complaint to his teacher constituted protected activity, he has failed to show that there was a causal connection between this complaint and subsequent discipline.  According to the Complaint, it was Plaintiff's *teacher*, Mr. Easley, who suffered immediate reprisals when *he* relayed Plaintiff's complaint to the school administration.  Doc. No. 1 ¶¶ 18–22.  Plaintiff does not plead that he was disciplined because he

complained about the security guard's actions.  Rather, Plaintiff alleges that he was disciplined

by the administration following the security guard's charge that Plaintiff engaged in gambling.

The actions of Plaintiff's teacher and Defendant's alleged response do not support Plaintiff's

claim for retaliation.  Similarly, Plaintiff's charges that a second special education student was

harassed by the security guard and expelled by Defendant, *see id.* ¶¶ 42–47, fail to support

Plaintiff's claim.

Accordingly, Plaintiff has failed to plead a plausible claim for retaliation under the

Rehabilitation Act.  However, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure,

the Court will grant Plaintiff leave to amend his Complaint within ten days of the date this

Memorandum Opinion and Order are entered.  Failure to timely file an amended complaint will

result in dismissal with prejudice of Plaintiff's claim.[2]

## IV.    CONCLUSION

For the foregoing reasons, it is, this **13th day of November, 2012**, by the United States

District Court for the District of Maryland, hereby **ORDERED** that:

1) Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, for

   Summary Judgment, Doc. No. 7, is **GRANTED-IN-PART**;

2) Plaintiff shall be granted **TEN DAYS** from the date this Order is entered to **AMEND**

   his Complaint.  If Plaintiff fails to do so in a timely manner, the retaliation claim will

   be dismissed with prejudice and the case will be closed.

3) The Clerk shall transmit a copy of this Memorandum Opinion and Order to all

   counsel of record.

---

[2] The Court also concludes that Defendant is not entitled to summary judgment at this time.  There are numerous factual disputes regarding the events leading to the disciplinary action against Plaintiff as well as the nature and severity of the disciplinary action.  It would therefore be premature to grant summary judgment at this early stage of the proceedings.

| November 13, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |